UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICOL JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>KINGDOM HALL OF JEHOVAH WITNESS et al.,<br><br>    Defendants. | Case No. 3:21-cv-00720<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

There are a number of motions pending in this action, including pro se Plaintiff Nicol Jackson's motions asking the Court to appoint counsel to represent her and not to transfer her claims to another venue (Doc. Nos. 16, 17); Defendants Watch Tower Bible and Tract Society of Pennsylvania (Watch Tower) and Paris TN Congregation of Jehovah's Witnesses' (the Paris Congregation) motion to transfer venue (Doc. No. 19); Jackson's motion to stay the Court's ruling on the defendants' motion to transfer venue until after the Court rules on her motion to appoint counsel (Doc. No. 22); Jackson's motion for a subpoena (Doc. No. 31); and Watch Tower and the Paris Congregation's motion to stay discovery or, in the alternative, for an extension of time to respond to Jackson's discovery requests (Doc. No. 32) and motion for leave to file a reply in support of that motion (Doc. No. 37).

For the reasons that follow, Jackson will be afforded an opportunity to file an amended complaint; her motions to appoint counsel will be denied without prejudice; her motion to stay ruling on the defendants' motion to transfer until after ruling on her motions to appoint counsel

will be found moot; her motion for a subpoena will be denied; and Watch Tower and the Paris Congregation's discovery motion and motion for leave to file a reply will be found moot.

I.     **Relevant Background**

   A.     **Jackson's Complaint**

Jackson, who currently resides in Chicago, Illinois, filed her complaint on September 15, 2021, bringing personal injury claims against Defendants Watch Tower, the Paris Congregation, Kingdom Hall of Jehovah's Witnesses in Wallkill, New York, and Kingdom Hall of Jehovah's Witnesses in Tuxedo Park, New York, arising out of alleged childhood sexual abuse by a Jehovah's Witness elder in the late 1970s through the 1990s. (Doc. No. 1.) The Court granted Jackson's application to proceed *in forma pauperis*, screened her complaint under 28 U.S.C. § 1915(e)(2)(B), and found that, under Illinois law, Jackson "ha[d] stated colorable claims for personal injury caused by childhood sexual abuse." (Doc. No. 6, PageID# 30.)

   B.     **Motions Regarding Venue, Appointment of Counsel, and ECF Access**

On December 28, 2021, Jackson filed a motion informing the Court that defendants' counsel had contacted her to ask if she would agree to transfer this action to the United States District Court for the Western District of Tennessee.[1] (Doc. No. 16.) Jackson refused, and her motion asks the Court to "leave [her] case in Middle Tennessee" because "Nashville is one of many places [her] sexual assault took place[,]" even though she "did not have time to list . . . each and every place . . . in [her] initial complaint[.]"[2] (*Id.* at PageID# 62.) Jackson also asks "the Court to appoint [her] [p]ro-[b]ono [c]ounsel to pursue [her] claim" because she "do[es] not know the

---

[1]     Jackson's complaint alleges, and the defendants assert, that the Paris Congregation is in Henry County, Tennessee. (Doc. Nos. 1, 20.) Henry County is part of the Western District of Tennessee. 28 U.S.C. § 123(c)(1).

[2]     Nashville is located in the Middle District of Tennessee. 28 U.S.C. § 123(b)(1).

law" and "need[s] assistance to proceed with [d]iscovery and [i]nterrogatories and deadlines." (*Id.*) Jackson's filing was docketed as a motion to not change venue and to appoint counsel. (Doc. No. 16.)

In a second filing received on the same day, Jackson asks the "Court to appoint [her] [p]ro-[b]ono [c]ounsel" because she is "not clear on . . . [her] rights" and wants to know, among other things, if she can "amend [her] complaint to add specific individuals[.]" (Doc. No. 17, PageID# 64.) Jackson's filing was docketed as a motion to appoint counsel. (Doc. No. 17.)

On December 29, 2021, Watch Tower and the Paris Congregation filed a motion under Federal Rule of Civil Procedure 12(b)(3) asking the Court to transfer this action to the U.S. District Court for the Western District of Tennessee. (Doc. No. 19.) The defendants argue that venue is improper in this district under 28 U.S.C. § 1391 because no substantial part of the events Jackson alleges in her complaint took place in this district and no defendants reside in this district. (Doc. No. 20.) They therefore ask the Court to transfer this action to the Western District under 28 U.S.C. § 1406(a). (*Id.*) Alternatively, the defendants argue that, even if venue is proper in this district, Jackson could have brough this action in the Western District, and the Court should transfer this action to the Western District under 28 U.S.C. § 1404(a) as the more convenient forum. (*Id.*) The defendants also filed a response in opposition to Jackson's motions not to change venue and to appoint counsel. (Doc. No. 21.) The defendants argue that transferring venue is appropriate for the reasons stated in their motion to transfer and that the Court should deny Jackson's request for counsel or defer ruling on her request until after it determines whether to transfer this action. (*Id.*)

On January 10, 2022, Jackson filed a motion asking the Court "to hold all defense motions until . . . ruling on the motion to grant or deny [her] [c]ourt [a]ppointed [p]ro-[b]ono [c]ounsel." (Doc. No. 22, PageID# 100.) The motion also reiterates her request for appointed counsel and asks

for "access to the Court ECF System." (*Id.*) Jackson filed a response in opposition to the defendants' motion to transfer on the same day, arguing that "venue [i]s proper and appropriate" in this district and "is not an inconvenience for [her]." (Doc. No. 23, PageID# 103.) Jackson further states that "[t]here is a[n] entity [she] meant to sue who didn't get served" and asks the Court to "[p]lease [a]mend [her] complaint to add" "Watch Tower Bible [and] Tract Society of New York[,] Inc." (*Id.* at PageID# 104.)

The defendants filed a reply in support of their motion to transfer, arguing that Jackson's request to add Watch Tower Bible and Tract Society of New York, Inc. (WTNY) as a defendant is procedurally improper because Jackson did not file a proposed amended complaint and that adding WTNY as a defendant would not change the venue analysis. (Doc. No. 24.) Jackson filed a reply in support of her motions to appoint counsel, arguing that she needs counsel to help her "fully understand all this paperwork coming [her] way" and "set[ ] up a lawful defense to stay in Middle Tennessee." (Doc. No. 25, PageID# 110.)

On January 19, 2022, Jackson filed two motions asking to amend her complaint to add WTNY as a defendant. (Doc. Nos. 26, 27.) She also asked to be allowed "to use the Court Electronic System" "to view [her] case and submit motions and or responses in real time . . . ." (Doc. No. 27, PageID# 116.) The defendants filed a consolidated response to these motions, Jackson's requests for ECF access, and Jackson's motion asking the Court to rule on her motion to appoint counsel before ruling on the defendants' motion to transfer venue. (Doc. No. 28.) The defendants state that they do not oppose granting Jackson access to the Court's ECF system, but ask the Court not to defer ruling on their motion to transfer and argue that Jackson's motions to add a defendant should be denied without prejudice because she did not submit a proposed amended complaint. (*Id.*)

4

On February 3, 2022, the Court granted Jackson's request for ECF access and denied her motions to add WTNY as a defendant without prejudice "to refiling as a motion to amend the complaint with an accompanying proposed amended pleading." (Doc. No. 29.) Several days later, the Court received Jackson's reply in support of her motion to defer ruling on the defendants' motion to transfer and her motions to add WTNY. (Doc. No. 30.) That filing includes an attached proposed amended complaint. (Doc. No. 30-1.)

### C. Discovery Motions

Jackson has filed a motion asking for a subpoena under Federal Rule of Civil Procedure 45 directing "non-added, intended defendants" "Jehovah Witnesses of New York, INC." or "JW of NY, Inc." "to produce documents that will help [Jackson] with [her] case." (Doc. No. 31, PageID# 145.) Specifically, Jackson states that she "will be asking them to produce documents from the Jehovah Witness Sexual Abuse Database the [h]eadquarters should have in their archives if not active files." (*Id.*) The defendants responded in opposition to Jackson's motion, arguing that "Jehovah Witnesses of New York, INC." and "JW of NY, Inc." "do not appear to refer to any existing entities" and that a request for "a comprehensive search of records going back approximately four decades" would subject any recipient of the subpoena "to 'undue burden' or 'significant expense.'" (Doc. No. 34, PageID# 167–68 (quoting Fed. R. Civ. P. 45(d)(2)(B)(ii), (d)(3)(A)(iv)).) To the extent Jackson seeks to subpoena records from WTNY, the defendants argue that a subpoena may be unnecessary if Jackson successfully amends her complaint to add WTNY as a defendant. (Doc. No. 34.) Jackson filed a reply, asking the Court to order the defendants to provide her with "the correct address and name change to the WatchTower Bible and Tract Society of New York, Inc." so that she can amend her complaint to add that entity as a defendant. (Doc. No. 35, PageID# 173.) Jackson states that the reason she wants to add WTNY as a defendant is because it "gave the directive to not call or report the sexual assaults" she suffered

as a child. (*Id.* at PageID# 172.) She also clarifies that WTNY is the entity she wishes to subpoena. (Doc. No. 35.)

The defendants filed a motion to stay discovery or, in the alternative, for additional time to respond to interrogatories Jackson served on them. (Doc. No. 32.) The defendants state that Jackson has sent them two sets of interrogatories and ask the Court to issue an order staying discovery until after the Court resolves the issue of transfer and any other preliminary dispositive motions or, in the alternative, to allow the defendants sixty days from the Court's order resolving their motion to respond to Jackson's interrogatories. (Doc. No. 33.) Jackson filed a response in opposition asking the Court to deny the defendants' motion. (Doc. No. 36.) The defendants filed a motion for leave to file a reply in support of their motion and attached a proposed reply. (Doc. Nos. 37, 37-1.)

**II.      Analysis**

     **A.      Jackson's Efforts to Amend Her Complaint**

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within" "21 days after serving it, or[,]" "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). In her motions filed before the defendants responded to her complaint and filed within 21 days after the defendants served her with their motion to transfer under Rule 12(b),[3] Jackson referred to additional relevant facts regarding sexual assaults she suffered in Nashville and stated her desire to amend her complaint to add defendants. (Doc. Nos. 16, 17, 26, 27.) Because Jackson made these

---

[3]      The defendants served Jackson with their motion to transfer by mail. (Doc. No. 19.) Under Rule 6(d), Jackson therefore had an additional three days to amend her complaint as a matter of course under Rule 15(a)(1). Fed. R. Civ. P. 6(d).

attempts to amend during the period of time when she was entitled to file an amended complaint without the Court's leave or the defendants' permission under Rule 15, the Court finds that Jackson should be afforded an opportunity to file an amended complaint that includes all of the factual allegations she wants the Court to consider and names every defendant against whom she asserts a claim in this action.[4]

Because Jackson's amended complaint may contain additional factual allegations regarding events that took place in Nashville, and because such allegations may be relevant to the defendants' pending motion to transfer venue, the Court will reserve ruling on the defendants' motion to transfer venue until after Jackson has an opportunity to amend her complaint. After Jackson files an amended complaint, the defendants may determine whether they want to file an amended motion to transfer to address any additional factual allegations in the amended complaint.

**B.  Jackson's Motions to Appoint Counsel and Motion to Stay Ruling on the Defendants' Motion to Transfer**

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is

---

[4]  The Court previously denied Jackson's motions to add defendants without prejudice "to refiling as a motion to amend the complaint with an accompanying proposed amended pleading" (Doc. No. 29, PageID# 121), even though Jackson filed her motions within twenty-one days after the defendants served her with their motion to transfer. Under Rule 15(a)(1), Jackson was not required to move for leave to amend at that time and could have filed an amended complaint as a matter of course. In response to the Court's order, Jackson attached a proposed amended complaint to her February 9, 2022 filing. (Doc. No. 30-1.) If that document includes all of the allegations and claims she wants the Court to consider in this action, she may refile it as her amended complaint. If it does not, she may file an amended complaint with additional allegations and claims.

no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

Because the defendants' motion to transfer venue remains pending, the Court finds that appointment of counsel is logistically premature. If this action is transferred, Jackson would likely need appointed counsel from the transferee district. The Court will therefore deny Jackson's motions to appoint counsel without prejudice to refiling after the Court resolves the defendants' motion to transfer. The Court will find moot Jackson's motion to stay ruling on the defendants' transfer motion until after it rules on her motions to appoint counsel.

### C. Discovery Motions

Discovery in this action has not yet begun and will not begin until after the Court enters a scheduling order setting out relevant discovery deadlines. The Court will enter a scheduling order after resolving preliminary motions regarding Jackson's pleadings, including the defendants' motion to transfer venue. Jackson's motion for a subpoena will therefore be denied without prejudice, and the defendants' motion to stay discovery or for an extension of time to respond to Jackson's interrogatories and their motion for leave to file a reply in support of that motion will be found moot.

8

Case 3:21-cv-00720   Document 38   Filed 03/22/22   Page 8 of 9 PageID #: 191

### III. Conclusion

For these reasons, Jackson is ORDERED to file an amended complaint by April 11, 2022. Jackson's amended complaint will replace her original complaint and therefore must include all of the factual allegations and legal claims she wants the Court to consider in this action.

The Court will reserve ruling on the defendants' motion to transfer (Doc. No. 19) until after Jackson has an opportunity to file an amended complaint.

Jackson's motions to appoint counsel (Doc. Nos. 16, 17) are DENIED WITHOUT PREJUDICE to refiling after the Court resolves the defendants' motion to transfer. To the extent Jackson's motion (Doc. No. 16) asks the Court not to transfer this action, the Court finds that neither the Federal Rules nor this Court's Local Rules provide a mechanism for parties to move not to transfer. The Court therefore construes that portion of Jackson's motion (Doc. No. 16) as a response in opposition to the defendants' motion to transfer and will consider it in resolving the transfer motion.

Jackson's motion to stay ruling on the defendants' motion to transfer until after the Court rules on her motions to appoint counsel (Doc. No. 22) is FOUND MOOT.

Jackson's motion for a subpoena (Doc. No. 31) is DENIED WITHOUT PREJUDICE.

The defendants' motion to stay discovery or for an extension of time to respond to Jackson's interrogatories (Doc. No. 32) and for leave to file a reply in support of that motion (Doc. No. 37) are FOUND MOOT.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge